## NATIONAL CAR COUPLER COMPANY *v.* MARR ET AL.

[No. 10,367. Filed January 23, 1919.]

1. MASTER AND SERVANT.—*Workmen's Compensation Act.—Injury Arising Out of Employment.—Violation of Order.*—Where a workman, whose duty it was to assist in the operation of a sand-mixing machine, was "tapping in" a bolt when he fell into the machine and was killed, his death arose out of his employment, even though he violated instructions in attempting to repair the machine, such violation, if at all pertinent, going to the question of wilful misconduct. p. 207.

2. MASTER AND SERVANT.—*Workmen's Compensation Act.—Injuries to Servant.—Defenses.—Waiver.*—In a proceeding for compensation under the Workmen's Compensation Acts (Acts 1917 p. 392, §80201 *et seq.* Burns' Supp. 1918), where defendant abandoned its answer setting up wilful misconduct, that defense was waived. p. 208.

From the Industrial Board of Indiana.

Proceedings for compensation under the Workmen's Compensation Act by Viola E. Marr and others against the National Car Coupler Company. From an award for applicants, the defendant appeals. *Affirmed.*

*Joseph W. Hutchinson*, for appellant.
*J. W. Whicker*, for appellees.

DAUSMAN, C. J.—Appellees, as dependents of one Thomas Marr, deceased, filed their application for an award against appellant. Appellant answered in two paragraphs: (1) General denial; and (2) averring wilful misconduct. The Industrial Board awarded compensation. The nature of the case is fully disclosed by the following statement of facts included in the finding made by the board:

"On the 2nd day of January, 1918, one Thomas Marr was in the employment of the defendant com-

pany as a sand-mixer at an average weekly wage of $17.37. On said date the said Thomas Marr was making an adjustment upon the sand-mixer machine, which it was his duty to assist in operating. While making said adjustment the said Thomas Marr accidentally fell into said machine, which was in motion at the time. By falling in said machine the said Thomas Marr was instantly crushed to death.''

Appellant abandoned its second paragraph of answer, and the only contention presented is that the workman's death did not arise out of the employment. This contention is based on the theory that the superintendent of the plant had given the workman certain instructions which were violated by the latter; that the effect of the instructions was to limit the scope of the employment, and that the violation of the instructions by the workman put him entirely outside the employment.

The superintendent testified:

''I gave him instructions to be careful around machinery; not to make any alterations until he stopped the machine. I cautioned him several times about being careful around machinery * * *. He had been working on sand mixers prior to the time he began working on this one * * *. I have told him many a time that if he had anything to fix to report it to the mechanics * * *. Some men have tapped in bolts—that depends somewhat on where the bolt is * * *. It would depend on the man whether it would be a dangerous operation for a man to stand where Mr. Marr is said to have been standing, stooping over, facing the revolving pan. I could do it, I think, and not get hurt. He (Marr) looked after the machine and every man on the machine; and if there

were any lost bolts that he or any other man noticed, it would be his duty to have it fixed.''

The uncontroverted evidence discloses that the workman was "tapping in" a bolt when he fell into the machine; but it would be illogical to hold that his death did not arise out of the employment, even if it should be conceded that he violated instructions.

The insistence that he violated instructions has no bearing on that point. It goes rather to the question of wilful misconduct. But we may not even

2. intimate an opinion as to what it would be worth in that direction; for appellant has waived it by expressly abandoning its second paragraph of answer.

The award is affirmed, and by virtue of the statute the amount thereof is increased five per cent.