## PERU BASKET COMPANY *v.* KUNTZ.

### [No. 10,454.   Filed March 6, 1919.]

1. MASTER AND SERVANT.—*Workmen's Compensation Act.—Injuries Arising Out of Employment.—Disobedience to Orders.*—The fact that a workman, at the time he receives an injury, is acting in violation of directions given to him by his employer does not preclude the injury from arising out of the employment. p. 512.

2. MASTER AND SERVANT.—*Workmen's Compensation Act.—Award of Compensation.—Sufficiency of Evidence.*—In a proceeding for compensation under the Workmen's Compensation Act, Acts 1915 p. 392, §80201 *et seq.* Burns' Supp. 1918, where a servant with defective vision lost part of his hand on a cutting machine upon which he had inadvertently placed it in violation of orders, evidence *held* sufficient to sustain a finding by the Industrial Board that the injury was not the result of wilful disobedience. p. 512.

From the Industrial Board of Indiana.

Proceedings for compensation under the Workmen's Compensation Act by Charles W. Kuntz against the Peru Basket Company. From an award for applicant, the defendant appeals. *Affirmed.*

*Joseph W. Hutchinson,* for appellant.
*Joseph A. Faust,* for appellee.

DAUSMAN, C. J.—Appellee filed his application for an award of compensation. Appellant filed answer in denial, and also a special answer, in which it alleged wilful misconduct.

The following is a portion of the finding of facts: "And the full board heard the argument of defendant's counsel and having reviewed the evidence and being duly advised in the premises finds that on the 26th day of February, 1918, plaintiff was in the employment of the defendant at an average weekly wage of $9.62; that at said time the plaintiff was employed as an off-bearer upon a chopping machine, which is a machine with a blade seventy-eight inches long and was being used for the purpose of cutting timber into small strips for basket rims; that when the strips were cut off by the knife they dropped into a rack and when sufficient strips had dropped into the rack to make a bundle it was the duty of the plaintiff to lift them out and bind them by wire; that on the day of the injury and prior thereto the plaintiff's eyesight was defective as a result of a stroke of paralysis, the muscles controlling his eyeballs being paralyzed and the eyeballs remaining stationary and not moving; that the defendant had full knowledge of the condition of the plaintiff's eyesight on the date of the injury and prior thereto; that the knife with which said strips are cut from the timber is guarded by a board, and the defendant by a proper representative had instructed the plaintiff not to place his hands near the knife in removing the strips from the rack; that immediately prior to the accident the chopping machine was not in motion and was not in motion at the time the plaintiff put his hand in to take out the bundle of strips; that while the plaintiff was in the act of removing the bundle the operator of the chopping machine started the same and because of the plaintiff's defective eyesight the plaintiff inadvertently placed his left hand under the board guard and the

knife caught and severed one-half of the distal phalanx of the index finger and the whole of the first phalanx of the second, third and fourth fingers; that the plaintiff had some infection of the wound; that said injury has resulted in such permanent partial impairment of the plaintiff's left hand as will entitle him to sixty weeks' compensation; that the plaintiff did not wilfully, deliberately or intentionally place his hand too near the knife of the chopping machine but he did do so unintentionally, inadvertently and because of his defective eyesight.''

Appellant contends: (1) That the injury did not arise out of the employment, because of the workman's failure to obey instructions; and (2) that the workman's failure to obey instructions amounts to wilful misconduct. The first contention cannot be sustained. The fact that a workman, at the time he receives an injury, is acting in violation of directions given him by his employer does not preclude the injury from arising out of the employment. The effect of a failure to obey instructions must be considered under §8 of the Workmen's Compensation Act. Acts 1915 p. 392, §80201 et seq. Burns' Supp. 1918; National Car Coupler Co. v. Marr (1919), ante 205, 121 N. E. 545; Great Lakes Dredge, etc., Co. v. Totzke (1919), ante 303, 121 N. E. 675.

The second contention presents a question of fact, viz.: Was the workman's failure to follow the direction given him a wilful disobedience? There is no conflict in the evidence. The workman was directed by appellant's superintendent never to put his hands under the guard and then upward (back of the guard) above a certain point. With

that direction the workman failed to comply, and thereby received his injury. In explanation of his conduct the workman testified:

"I was off-bearing and was getting down some No. 2 basket rims to tie into a bundle. I got my hand a little bit too high and got it into the knife. The machine was standing still; but the man who operated it pulled the lever and started it. The superintendent had pointed out to me a certain point above which I was not to put my hand. When the strips are cut by the knife they drop down. But there is a little ledge at the side of the knife and sometimes they stop there and don't fall down. At the time I was hurt I was reaching to get the strips from the ledge. I had a paralytic stroke two years ago, and I can't move the eyeballs. I reached too high by misjudging the distance. On account of the condition of my eyes I see double objects. When the machine was not in operation it was impossible for me to get my hand under the knife. The superintendent did not instruct me not to reach up there when the machine was not in operation."

Appellant's superintendent testified that he knew when he employed appellee that his eyes were "set"; that the accident could have resulted from bad eyesight, the workman being nearer the machine than he thought, and that he did not think that the workman wilfully put his hand up under the knife.

The evidence tends fairly to sustain the finding throughout. The award is affirmed; and, by virtue of the statute, the amount thereof is increased five per cent.